IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| JERRY CARL SCOTT, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:06-CV-0262 |
| | § | |
| NATHANIEL QUARTERMAN, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## REPORT AND RECOMMENDATION TO DISMISS PETITION
## FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY
## FOR FAILURE TO PAY FILING FEE

Came for consideration the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner on July 21, 2006. Petitioner did not submit with his habeas application any payment to satisfy the requisite filing fee but, instead, submitted an Application to Proceed *In Forma Pauperis* along with a certified *in forma pauperis* data sheet from the institution in which he is confined. Petitioner's data sheet, while reflecting a balance of only $4.12, also reflects receipt of deposits totaling $169.07 during the six-month period prior to the filing of his petition, $91.07 of which was deposited in the last three months.

Petitioner does not qualify for a grant of pauper's status. Petitioner possesses, has possessed, or has had access to, the funds needed to pay the $5.00 filing fee in the instant cause and should have included such payment with the submission of his application or subsequent to such submission. Petitioner's application should be DISMISSED for failure to pay the requisite fee.

IFP\R&R\SCOTT-262:2

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that petitioner's request to proceed *in forma pauperis* be DENIED, and that the

habeas application filed by petitioner be DISMISSED for failure to pay the $5.00 filing fee.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 3rd day of October 2006.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

**\* <u>NOTICE OF RIGHT TO OBJECT</u> \***

Any party may object to these proposed findings, conclusions and recommendation.  In the
event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is
eleven (11) days from the date of filing as indicated by the file mark on the first page of this
recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are
allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be
<u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. §
636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule
3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report
and Recommendation."  Objecting parties shall file the written objections with the United States
District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely
file written objections to the proposed findings, conclusions, and recommendation contained in this
report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the
unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the

Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).

**If petitioner pays the $5.00 filing fee within fourteen (14) days after the filing date of this Report and Recommendation the recommendation of dismissal will be withdrawn.**

**If, within fourteen (14) days after the filing date of this Report and Recommendation, petitioner submits to this Court evidence that he has authorized his institution to disburse the requisite funds from his trust account by properly completing and submitting to the prison a Form I-25 entitled "Inmate Request for Withdrawal," this case will be held in abeyance for thirty (30) days from the date of the Form I-25, pending receipt of the filing fee.  If payment has been received during the 30-day time period, the recommendation of dismissal will be withdrawn.  If no payment has been received at the end of the 30-day time period, the case will remain subject to dismissal.  It is petitioner's responsibility to monitor the disbursement of the requisite funds from his trust account, and ensure that such funds have been withdrawn and transmitted to the Court.  Petitioner shall advise the Court, prior to the expiration of the 30-day period, as to any legitimate reason why the funds will not be received by the Court within the time period.**

**Petitioner is advised that the payment of the filing fee will not guarantee that this Court will reach the merits of petitioner's application.**